

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# In Re: John Amendt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: John Amendt " (2006). *2006 Decisions.* Paper 1569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2458

———

IN RE: JOHN AMENDT; BRUCE APPLEMAN; DAVID ARMBRECHT; JAMES ASHMORE, SR.; GEORGE BACSKAI; JOHN H. BEATTY; LYNN BEEKMAN; RAYMOND BEHN; WILLIAM BOICE; VICTORIA BOND; CLARENCE BRINKER; THOMAS BRYFOGLE, SR.; JAMES BUCHMAN; MYRON BUTLER; JAMES CAHILL, SR.; THOMAS CAHILL; JOHN CANAVAN; CHARLES CARSON; DOROTHY CASEY; CHARLES CHIDSEY; DION CLARK; FAITH GOGAN; FRANCIS CORTRIGHT, SR.; JOHN CRAIGLE; DELBERT CRESSMAN; PAULINE CROSSON; JOHN CSISEK; RICHARD DAILEY; ROBERT DAILEY; HAROLD DE LONG; CHARLES DEWEY; PATRICK DINAN; ALBERT DORKO; MARLYNN DORKO; GARY EVERITT; ELWOOD EYER; ELWOOD FAHRINGER; WILLIAM FAZEKAS; JERRY FLANK; MINNIE FOLWEILER; HAROLD FOSS; JOHN FRANK; HAROLD FRANKENFIELD; ROSEMARIE FRASIER; JUNE GITTINS; FRANK GLANZ; RONALD GODSHALK; ARNOLD GONZALEZ; ROLLA GREGORY; JOSEPH GROMLOWICZ; RAYMOND HAINES; ROBERT HANS; RUSSELL HARING; RONALD HART; JACK HATCH; RICHARD HATCH; ROBERT HAWK; FREDERICK HECKMAN; LESTER HEINRICH; ALFRED HENDERSHOT; WILLIAM HUGHES; CARL INDERELST; JAMES JOHNSON; LAWRENCE JONES; JAMES KENNEDY; GEORGE KINSEY; WILLIAM LABAR; FRANCIS LEH; RICHARD LILLY; ROBERT LIPPINCOTT; ADOLPH LOCHER, JR.; BARBARA LOSAGIO; CHARLES LUCAS; DONNA LUCAS; RICHARD LUCAS; GEORGE MANNERS, JR.; ROBERT MATYAS; MAE MILLER; DOUGLAS MOYLE; ELKE NACE; ANNA OVADY; LEE PETTIT; GEORGE PIATT; BERNARD PRICE; JOSEPH PUCCIO; HOWARD PYATT; SHIRLEY PYATT; BETTY REESE; STANLEY REIGER; CHARLES RODGERS; ANTHONY ROMAGNOLI; ELMER RUSH; PAULINE RYAN; ALFRED SAGAZIO; ALEEN SALISBURY; DANIEL SCHAFER; ARTHUR SERFASS; ROBERT SHOEMAKER; NORMAN SMITH; ROBERT SMITH; RICHARD SNYDER; ROBERT SPILLER; ROGER SPONDER; SHARRON STEFANO; DANIEL STILL; ROBERT STOCKER; RUSSELL STORM; RONALD STUEBER; LASZLO SZABO; CHARLOTTE TERSIGNI; KENNETH THOMPSON; AUGUSTINE TRINCHERIA; SAMUEL UVARY; EDWARD VAN HORN; HAROLD VANSETERS; WILLIAM VENNER; MARY VENNER; FRANCIS WALLBILLICH; SANDRA WALLBILLICH; KENNETH WEAVER; ZACHARIAH WILLIAMS; FLOYD WISMER; RICHARD YOUPA; DENISE YOUPA; REBECCA YOUPA; AARON YOUPA; RICHARD YOUPA, JR.; JOHN ZAGRA; GENE ECKERT; EDITH EVERITT; WILLIAM HOLDEN, JR.; HERBERT LAUGHLAND; JOSEPH MICKEY; WAYNE MORRIS; GEORGE SNYDER, SR.,

*Petitioners*

Petition for a Writ of Mandamus to the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-05299)
District Judge: Honorable James K. Gardner

———

Argued January 18, 2006

Before: ROTH, FUENTES, and BECKER, *Circuit Judges*.

(Filed February 16, 2006)

———

OPINION OF THE COURT

———

IRA B. SILVERSTEIN (Argued)
Thorp, Reed & Armstrong
One Commerce Square, Suite 2010
2005 Market Street
Philadelphia, PA 19103
          *Attorney for Petitioners*

NANCY G. ROSS  (Argued)
MICHAEL T. GRAHAM
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
          *Attorneys for Respondent*

BECKER, *Circuit Judge.*

This case comes to us on a petition for a writ of mandamus.  Although the petitioners,

a group of retirees, brought suit against Bowe Bell + Howell Company ("BB+H") in the

Eastern District of Pennsylvania, the District Court transferred the case to the Northern

2

District of Illinois, where BB+H had commenced a declaratory judgment action involving similar issues and parties a year earlier. Concluding the retirees have failed to meet the exacting standard for mandamus, we will deny the petition.

## I. Facts

The retirees are former hourly employees at BB+H's facility in Allentown, Pennsylvania. They allege that during a labor strike in 2001, Bell & Howell Company (the predecessor to BB+H) induced them to retire early, thus freeing the company to hire non-unionized employees. At the time of the strike, the retirees' pension plans provided lifetime medical benefits for the employees and their spouses. The retirees allege that they were promised that if they retired early, they would retain lifetime benefits; otherwise, they would lose these benefits.

According to the complaint, on January 1, 2004, well after they had retired due to the alleged promise of lifetime benefits, BB+H reneged on its promise, reducing benefits for retirees younger than 65, and eliminating all health coverage for retirees age 65 and older. On November 12, 2004, the retirees brought this action against BB+H in the Eastern District of Pennsylvania (the "Pennsylvania action"), alleging violations of the Employee Retirement Income Security Act ("ERISA") and state law. The Pennsylvania action is the only litigation before this Court.

A full year before the retirees commenced the Pennsylvania action, on November 10, 2003, BB+H brought a declaratory judgment action in the Northern District of Illinois ("the

Illinois action"), seeking a declaration that it could lawfully modify the retirees' benefit plans (the "Illinois Action"). BB+H also sought to preliminarily and permanently enjoin the retirees from asserting claims relating to the plan modifications in other venues. BB+H brought this action before the modifications in the benefits plans went into effect. BB+H named as defendants the retirees' union and three retirees as representatives of two defendant classes.

On February 5, 2004, still well before the commencement of the Pennsylvania action, the union and two retirees filed a motion to dismiss the Illinois Action, or in the alternative, to transfer that case to the Eastern District of Pennsylvania. The District Court for the Northern District of Illinois denied the motion. On July 9, 2004, the retirees answered BB+H's complaint in the Illinois action and asserted counterclaims.

The two actions are mirror images of each other: In the Illinois action, BB+H seeks a declaration that the plan modifications were lawful, and in the Pennsylvania action, the retirees assert that the plan modifications were unlawful. In fact, the retirees' counterclaims in the Illinois action are almost *identical* to the claims they now assert in the Pennsylvania action.[1] The sections listing requested relief are also strikingly similar.

On March 14, 2005, the District Court for the Eastern District of Pennsylvania granted BB+H's motion to transfer the Pennsylvania action to the Northern District of Illinois. The

---

[1]The Illinois action counterclaims also include a breach of contract claim omitted in the Pennsylvania action claims.

District Court took note of several factors favoring transfer, including: (1) the modifications to the benefits plan occurred in the Northern District of Illinois; (2) most documents and witnesses related to BB+H's decision to modify the plan are located in the Northern District of Illinois; and (3) the Northern District of Illinois had a substantial interest in resolving the dispute. The District Court stated that the retirees' causes of action in both cases are "almost literally verbatim" and that "the cases are identical, for all practical purposes." The District Court also suggested that in filing the Pennsylvania action, the retirees were attempting to make an end run around the Illinois District Court's refusal to transfer the Illinois Action to Pennsylvania.[2]

On March 24, 2005, the retirees moved the District Court for the Eastern District of Pennsylvania to stay the transfer of the Pennsylvania action to Illinois and to certify the transfer order for immediate appeal under 28 U.S.C. § 1292(b). As of May 5, 2005, the District Court had yet to rule on either motion, and the retirees filed a petition for a writ of mandamus, asking this Court to order the District Court not to transfer the case. On June 3, 2005, the District Court refused to certify the appeal and to stay the transfer order.

## II. Jurisdiction and Standard of Review

Mandamus is the only conceivable basis for our jurisdiction. *See Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 30 (3d Cir. 1993) ("Mandamus is . . . the

---

[2]We reject the contention that the District Court did not independently decide the issue but simply deferred to, or considered itself bound by, the Northern District of Illinois decision.

5

appropriate mechanism for reviewing an allegedly improper transfer order.") (citations omitted).[3]

The requirements for issuing a writ of mandamus place a heavy burden on the retirees. "Generally, a writ will only issue if the district court did not have the power to enter the order, and then 'only if the party seeking the writ meets its burden to demonstrate that its right to the writ is clear and indisputable.'" *Id.* (citation omitted).[4] Thus, "[a] writ of mandamus is an extraordinary remedy." *Id.*

### III. Analysis

The statute governing transfers of venue, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of showing a need for transfer is on the movant, in this case, BB+H. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

We have provided an extensive list of factors that may be relevant to transfer of

---

[3]Appeal through the ordinary statutory channel, 28 U.S.C. § 1291, is not available because an order transfering venue is not a "final decision" under 28 U.S.C. § 1291. *See In re Fed.-Mogul Global, Inc.*, 300 F.3d 368, 378 (3d Cir. 2002) ("It is a well-established rule in this circuit (and generally) that orders transferring venue are not immediately appealable.") (citations and quotations omitted); *Sunbelt Corp.*, 5 F.3d at 30. Likewise, because the District Court denied the retirees' motion to certify the transfer order for appeal, 28 U.S.C. § 1292(b) does not provide an avenue to this Court.

[4]A petitioner seeking a writ of mandamus must also show that there is no adequate alternative remedy. *See Sunbelt Corp.*, 5 F.3d at 30. The retirees have met this requirement because an appeal from a final judgment of the transferee forum (in this case, the Northern District of Illinois) "is not an adequate alternative to obtain the relief sought." *Id.*

6

venue: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law. *Id.* at 879-80.

Here, the most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources. The retirees waited an entire year from the time BB+H commenced the Illinois action to file the Pennsylvania action. By this time, the Illinois District Court had denied the retiree's motion to transfer the Illinois action to Pennsylvania. Thus, by bringing the Pennsylvania action, the retirees effectively sought to relitigate the Illinois District Court's refusal to transfer the case to Pennsylvania. The District Court refused to sanction this strategy, which it characterized as "a second bite at the apple."

Because the remaining factors are at best a draw, they provide no reason to allow essentially identical litigation to proceed in separate fora, much less to grant the extraordinary remedy of mandamus. The plaintiffs (the retirees) chose to litigate in the Eastern District of Pennsylvania but the defendant (BB+H) would prefer to litigate in the Northern District of

Illinois. Elements of the retirees' claims arose in each of the two fora: While the alleged promise that the retirees would retain lifetime benefits occurred in the Eastern District of Pennsylvania, BB+H amended the plan in the Northern District of Illinois.

Turning to the convenience of the parties and witnesses, the retirees state that it would be difficult to travel from Pennsylvania to Illinois. However, it appears unlikely that more than a few of the retirees would be called upon to testify at trial.[5] While some BB+H employees with relevant knowledge (presumably, knowledge relating to the terms of the retirees' early retirement) live in Pennsylvania, BB+H employees involved in the amendment of the benefits plan reside in Illinois. Documents relevant to the decision to modify the benefits plan are located in the Northern District of Illinois.

The interests of the two fora in deciding the controversy appear roughly equal because the retirees live in Pennsylvania, but BB+H is headquartered in Illinois. BB+H's Allentown facility has been significantly reduced, and the retirees' former union no longer represents the bargaining unit at this facility.

In short, even if we were to consider the transfer order *de novo*, the factors present here would not justify allowing the same case to be litigated in both Pennsylvania and Illinois. Therefore, the retirees do not even come close to meeting the exacting standard for a writ of mandamus. Their right to relief is certainly not "clear and indisputable." *Sunbelt*

---

[5]Moreover, any depositions of the retirees will be taken in Pennsylvania, proximate to their homes.

*Corp.*, 5 F.3d at 30.

As the retirees contend, this case presents a variation on our ordinary consideration of factors relevant to a transfer of venue. The retirees are the defendants in the Illinois action, even though they are the "natural" plaintiffs, that is, the parties who allege that they have been wronged. The retirees contend that by bringing a declaratory judgment action in Illinois, BB+H acted as an "artificial" plaintiff and effectively deprived the "natural" plaintiffs of their opportunity to select the presumptive forum.

We are unimpressed by this contention. The retirees' best case is *ACF Industries LLC v. Chapman*, No. 4:03CV1765, 2004 WL 3178257 (E.D. Mo. Aug. 26, 2004), but even this case—a not precedential opinion of another Court—bears only a superficial resemblance to the case at bar. In the Eastern District of Missouri, ACF initiated a declaratory judgment action asserting that it did not breach fiduciary duties to retirees when it modified a benefits plan. Then, in the Southern District of West Virginia, the retirees filed a suit similar to the Pennsylvania action in this case, asserting that the benefits modification was unlawful. *Id.* at *1-*2. The District Court for the Eastern District of Missouri transferred ACF's declaratory judgment suit to West Virginia, even though the declaratory judgment action was filed first. *Id.* at *2-*3.

This case differs from *Chapman* in two critical respects. First, the District Court in *Chapman* was acting within its discretion to decide a transfer motion in the first instance, whereas this case comes to us on a petition for an extraordinary remedy, a writ of mandamus.

9

Second, in *Chapman*, the retirees responded promptly to the declaratory judgment action, waiting less than two months to bring their own suit. *Id.* at *2. Here, the retirees waited an entire year, by which time the Illinois District Court had denied their motion to transfer the Illinois action to Pennsylvania.

Considering the importance of avoiding duplicative litigation, the weakness of the factors favoring litigation in Pennsylvania, and the extraordinary hurdles that the retirees must surmount in order to justify a writ of mandamus, we will deny their petition.